NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JONATHAN L. STEVENS, | : | Civil Action No. 08-817 (NLH) |
| Plaintiff, | : | |
| v. | : | |
| DETECTIVE ROBERT ROSWELL, DETECTIVE KNIGHT, and CHIEF POLICE of the Dover Police Department, | : | |
| Defendants. | : | **O P I N I O N** |

APPEARANCES:

> JONATHAN L. STEVENS, Plaintiff pro se
> SBI# 307636
> James T. Vaughn Correctional Center
> 1181 Paddock Road
> Smyrna, Delaware 19977

**HILLMAN**, District Judge

Plaintiff Jonathan L. Stevens ("Stevens"), an inmate currently confined at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this Complaint alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983.

At this time, the Court will review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss

the claims against the Chief of Police and will grant Stevens leave to amend the Complaint.

I.  **Standard of Review**

When a litigant proceeds <u>in forma pauperis</u>, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. <u>Courteau v. United States</u>, 287 Fed. Appx. 159, 162 (3d Cir. 2008); <u>Allah v. Seiverling</u>, 229 F.3d 220, 223 (3d Cir. 2000); <u>Tourscher v. McCullough</u>, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. <u>Erickson v.</u>

Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).

Stevens is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at

235 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234. Because Stevens proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 127 S.Ct. at 2200 (citations omitted).

## II. Plaintiff's Allegations

Stevens alleges that on October 2, 2008, while attempting to evade arrest, he was physically injured, but never received medical attention. He alleges that, upon his arrest by Defendants Robert Roswell ("Roswell") and Detective Knight ("Knight"), he was physically assaulted and sustained injuries to his chin and head, but received no medical treatment.[1] He also alleges that he was verbally assaulted by Defendants.

Stevens names the Dover, Delaware Chief of Police as a Defendant, but other than to name him as a Defendant, he is not mentioned in the Complaint. He does, however, ask for the

---

[1] Excessive force claims arising out of an arrest are analyzed under the Fourth Amendment, Graham v. Connor, 490 U.S. 386 (1989), excessive force claims for pretrial detainees are analyzed under the Fourteenth Amendment, Sylvester v. City of Newark, 120 Fed. Appx. 419, 423 (3d Cir. 2005), and excessive force claims for those convicted of a crime are analyzed under the Eighth Amendment, Graham v. Connor, 490 U.S. at 395 n.10.

4

following relief from the Dover Police Department - "enhance training program to deal with proper arrest. refrain from physical abuse." Finally, Stevens requests counsel.

III. **Discussion**

   A. Personal Involvement

   Stevens names as a defendant the Dover, Delaware Chief of Police. The Complaint, however, contains no allegations against him. It may be that the Chief of Police is named as defendant based upon his supervisory position inasmuch as Stevens seeks enhanced training for the Dover Police Department. Stevens also alleges that he was denied medical treatment, it is unclear who denied him the treatment.

   A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir. 1978)). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

   As is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. See Monell

v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement can be shown through allegations that a defendant directed, had actual knowledge of, or acquiesced in, the deprivation of a plaintiff's constitutional rights. Id.; see Monell v. Department of Social Services, 436 U.S. 658, 694-95 (1978). Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the plaintiff. Sample v. Diecks, 885 F.2d 1099, 1117-118 (3d Cir. 1989); see also City of Canton v. Harris, 489 U.S. 378 (1989); Heggenmiller v. Edna Mahan Corr. Inst. for Women, 128 Fed. Appx. 240 (3d Cir. 2005).

In the present case, Stevens does not associate any of his allegations with the Chief of Police. Nor are there are allegations that the Chief of Police was personally involved or had any supervisory liability for the alleged constitutional deprivations. Finally, the Complaint fails to apprise the reader of the individuals who allegedly denied Stevens medical care.

Therefore, the Court will dismiss the claims against the Chief of Police and the medical needs claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). However, since it appears plausible that Stevens might be able to articulate a claim against the Chief of Police, Stevens will be given an opportunity to amend his pleading. See O'Dell v. United States Gov't, 256 Fed. Appx. 444 (3d Cir. 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

B. Verbal Abuse

Stevens alleges that at the time of his arrest, he was verbally abused by Defendants Roswell and Knight. Verbal abuse and harassment do not rise to the level of a constitutional violation. See Murray v. Woodburn, 809 F. Supp. 383, 384 (E.D. Pa. 1993); see also McBride v. Deer, 240 F.3d 1287, 1291 (10th Cir. 2001) (taunts and threats are not an Eighth Amendment violation); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993) (verbal harassment does not violate inmate's constitutional rights). Therefore, the verbal harassment claim is dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

C. Request for Counsel

Stevens makes a passing request for counsel. (D.I. 2, ¶ V.2.) A pro se litigant proceeding in forma pauperis has no

constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). However, representation by counsel may be appropriate under certain circumstances, if the court finds that Stevens's claim has arguable merit in fact and law. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

The Court should consider a number of factors when assessing a request for counsel, including: (1) Plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of Plaintiff to pursue investigation; (4) Plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. Tabron v. Grace, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

Upon consideration of the record, the Court is not persuaded that the request for counsel is warranted at this time. It is unclear whether Stevens's claim has arguable merit. Moreover, he appears to have the ability to present his claims and there is no evidence that prejudice will result in the absence of counsel. More importantly, this case is in its early stages and, should

the need for counsel arise later, one can be appointed at that time. Therefore, the Court will deny without prejudice the request for counsel.

IV. Conclusion

The court will dismiss all claims against the Dover, Delaware Chief of Police, the medical needs claims, and the verbal harassment claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Stevens will be allowed to proceed against the remaining Defendants on the excessive force claim. Plaintiff is given leave to amend the Complaint only as to the claims against the Dover, Delaware Chief of Police. Plaintiff will be given **forty five (45) days** to file an Amended Complaint. If an Amended Complaint is not filed within the time allowed, then a service order will issue and the case will be proceed with the excessive force claim against Defendants Detective Robert Roswell and Detective Knight. The Court will deny without prejudice Stevens' request for counsel.

An appropriate Order accompanies this Opinion.

_Noel L. Hillman_
NOEL L. HILLMAN
United States District Judge

Dated: January 28, 2009
At Camden, New Jersey

9